OPINION of the Court, by
.Ch. J. Boyle.
Bar-ret sued out from a justice of the peace a warrant for a forcible entry and detainer against Chitwood, and the jury by their inquest having found Chitwood guilty of the forcible entry and detainer, he traversed the inquest and brought the case before the circuit court. Chit-wood then moved the court to quash the proceedings before the justice of the peace, for alleged defects in the lhquest, and the court sustained the motion and gave judgment accordingly for Chitwood ; to which Barret prosecutes this writ of error.
⅝ We can perceive no defect in the inquest for which the proceedings ought to have been quashed ; it is substantially correct, and objections to mere points of form ought not to be regarded. The act of assembly under which the proceeding was had having prescribed üo particular form for the inquest, it would seem sufficient for the jury, in order to make their inquest good, to express it in intelligible language.
*432 Where a limited -jurisdiction of this sort is given iy an act of assembly, to be exercised in pah, the correct rule appears to be, that as to the extent of the jurisdic tion the act should be construed strictly, but with respect to the mode of proceeding a liberality of construction ought to be indulged. This rule is not only correct upon general principles, but is obviously congenial with the whole tenor and manifest spirit of the act under which this proceeding was had ; for that act in no instance in which it has given the form of the process, has required a literal compliance with it ; the substance is all that it demands.
But had the inquest in this case been objectionable in point of form, it would be too 1 He for the party, after traversing it, to avail hnasJÍ oi its defects. The traverse takes issue upon tile truth ot the inquest, and is a virtual waiver of objections to its form. To permita party after taking issue upon the merits of a case to take advantage of a technical objection to form, would be reversing the order of pleading usual in other cases, and though such a course might promote the-purposes of chicanery and delay, it would certainly not be conducive to the ends of justice.
We think therefore the circuit court erred in quashing the proceedings before the justice, &c.